UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JANICE BURCH,

                                 Plaintiff,

- against -

RICKEY ALPHONS HINES, THE HERTZ
CORPORATION and SHEANETTA JAMES,

                                Defendants.
------------------------------------------------------------------------X

Civil Action No.

**COMPLAINT AND JURY DEMAND**

Trial by Jury Demanded

      Plaintiff, JANICE BURCH, by her attorneys HAICKEN LAW PLLC as and for her Complaint against the Defendants, RICKEY ALPHONS HINES, THE HERTZ CORPORATION and SHEANETTA JAMES, alleges as follows:

      1.      Plaintiff JANICE BURCH is a citizen of the State of New York, County of Bronx.

      2.      Defendant RICKEY ALPHONS HINES is a citizen of the State of California, County of Alameda.

      3.      Defendant SHEANETTA JAMES is a citizen of the State of Connecticut, County of Middlesex.

      4.      Defendant THE HERTZ CORPORATION, a vehicle rental company, was and is a Delaware Corporation with its principal place of business located at 8501 Williams Road, Estero, Florida 33928, County of Lee.

      5.      At all times hereinafter mentioned Defendant THE HERTZ CORPORATION was and still is a foreign business corporation.

      6.      At all times hereinafter mentioned and on February 15, 2022 Defendant THE HERTZ CORPORATION was and still is a foreign business corporation.

1

7. At all times hereinafter mentioned and on February 15, 2022 Defendant THE HERTZ CORPORATION was and still is a foreign business corporation duly authorized to conduct business in the State of New York.

8. At all times hereinafter mentioned and on February 15, 2022 Defendant THE HERTZ CORPORATION was and still is a foreign corporation transacting business in the State of New York.

9. At all times hereinafter mentioned and on February 15, 2022, Defendant THE HERTZ CORPORATION regularly does or solicits business in the State of New York and/or derives substantial revenue from goods used or consumed in the State of New York.

10. At all times hereinafter mentioned and on February 15, 2022, Defendant THE HERTZ CORPORATION was and still is a foreign business corporation duly authorized to conduct business in the State of New York.

11. The matter in controversy exceeds the sum of $75,000 exclusive of costs and interest.

12. This Court has jurisdiction pursuant to 28 U.S.C.§1332 (a) (1) by virtue of the complete diversity of citizenship of the parties and the amount in controversy.

13. Venue is proper in this District pursuant to 28 U.S.C. §1391 (b) (2).

14. On February 15, 2022 Defendant RICKEY ALPHONS HINES owned a motor vehicle bearing California registration number 4ME5938.

15. On February 15, 2022 Defendant RICKEY ALPHONS HINES leased a motor vehicle bearing California registration number 4ME5938.

16. On February 15, 2022 Defendant RICKEY ALPHONS HINES operated a motor vehicle bearing California registration number 4ME5938.

17. On February 15, 2022 Defendant RICKEY ALPHONS HINES controlled a motor vehicle bearing California registration number 4ME5938.

18. On February 15, 2022 Defendant RICKEY ALPHONS HINES managed a motor vehicle bearing California registration number 4ME5938.

19. On February 15, 2022 Defendant RICKEY ALPHONS HINES maintained a motor vehicle bearing California registration number 4ME5938.

20. On February 15, 2022 Defendant RICKEY ALPHONS HINES was responsible for the repair of a motor bearing California registration number 4ME5938.

21. On February 15, 2022, Defendant THE HERTZ CORPORATION owned a Nissan Altima motor vehicle bearing Florida registration number KCVN72.

22. On February 15, 2022, Defendant THE HERTZ CORPORATION was the renter of a Nissan Altima motor vehicle bearing Florida registration number KCVN72.

23. On February 15, 2022 Defendant THE HERTZ CORPORATION controlled a Nissan Altima motor vehicle bearing Florida registration number KCVN72.

24. On February 15, 2022 Defendant THE HERTZ CORPORATION managed a Nissan Altima motor vehicle bearing Florida registration number KCVN72.

25. On February 15, 2022 Defendant THE HERTZ CORPORATION maintained a Nissan Altima motor vehicle bearing Florida registration number KCVN72.

26. On February 15, 2022 Defendant THE HERTZ CORPORATION was responsible for the repair of a Nissan Altima motor vehicle bearing Florida registration number KCVN72.

27. On February 15, 2022 Defendant SHEANETTA JAMES owned a Nissan Altima motor vehicle bearing Florida registration number KCVN72.

28. On February 15, 2022 Defendant SHEANETTA JAMES rented a Nissan Altima motor vehicle bearing Florida registration number KCVN72.

29. On February 15, 2022 Defendant SHEANETTA JAMES rented a Nissan Altima motor vehicle bearing Florida registration number KCVN72 from Defendant THE HERTZ CORPORATION, in Connecticut, in accordance with rental agreement H12465375.

30. On February 15, 2022 Defendant SHEANETTA JAMES controlled a Nissan Altima motor vehicle bearing Florida registration number KCVN72.

31. On February 15, 2022 Defendant SHEANETTA JAMES managed a Nissan Altima motor vehicle bearing Florida registration number KCVN72.

32. On February 15, 2022 Defendant SHEANETTA JAMES maintained a Nissan Altima motor vehicle bearing Florida registration number KCVN72.

33. On February 15, 2022 Defendant SHEANETTA JAMES was responsible the repair of a Nissan Altima motor vehicle bearing Florida registration number KCVN72.

34. That on February 15, 2022, plaintiff JANICE BURCH was a passenger in the motor vehicle owned by Defendant THE HERTZ CORPORATION and operated by Defendant SHEANETTA JAMES.

35. On February 15, 2022 Defendant SHEANETTA JAMES operated the aforementioned motor vehicle with the knowledge, permission and consent of Defendant THE HERTZ CORPORATION.

36. That Defendant THE HERTZ CORPORATION negligently entrusted the motor vehicle bearing Florida registration number KCVN72 to Defendant SHEANETTA JAMES.

37. That Defendant THE HERTZ CORPORATION failed to run a license check and/or failed to run a proper license check on Defendant SHEANETTA JAMES prior to renting the vehicle to said Defendant.

38. That Defendant THE HERTZ CORPORATION is vicariously liable for the negligent, reckless and careless operation, control, management, maintenance and/or repair of the aforementioned motor vehicle by Defendant SHEANETTA JAMES.

39. On February 15, 2022 the roadway known as the FDR Drive at or near 90th Street, New York, New York was and still is a public thoroughfare.

40. At said time and place, there was contact between the aforementioned motor vehicle owned and operated by Defendant RICKEY ALPHONS HINES and the aforementioned motor vehicle owned by Defendant THE HERTZ CORPORATION and operated by Defendant SHEANETTA JAMES, in which Plaintiff JANICE BURCH was passenger.

41. At said time and place, there was contact between the motor vehicle bearing California registration number 4ME5938 and the motor vehicle bearing Florida registration number KCVN72, in which Plaintiff JANICE BURCH was a passenger.

42. As a direct and proximate result of the negligence of Defendants, Plaintiff JANICE BURCH was caused to suffer serious and permanent personal injuries.

43. The Defendants were negligent, careless and reckless in the ownership, operation, leasing, renting, management, maintenance, control, repair and/or inspection of the aforementioned motor vehicles; in  in negligently, carelessly and recklessly operating the motor vehicles at a rate of speed greater than was reasonable and proper at the time and place of the occurrence; in negligently, carelessly, recklessly reversing the aforesaid motor vehicle; in following too closely; in failing to keep a proper distance between the two motor vehicles; in

negligently, carelessly and recklessly striking the motor vehicle; in losing control of the motor vehicle; in failing to observe the traffic, roadway and driving conditions then and there existing at the place and time of the occurrence complained of; in failing to operate the motor vehicles with that degree of care and caution necessary under said traffic, roadway and driving conditions; in failing to properly steer, guide, manage and control the motor vehicles; in failing to sound the horn or otherwise to warn of the impending danger; in failing to give adequate and timely signal, notice or warning; in operating the motor vehicles without due regard to the rights and safety of other persons, and especially for the safety of the Plaintiff herein; in failing to timely apply the brakes, slow down or stop in such a manner so as to avoid said occurrence; in failing to keep the motor vehicles in proper operating condition; in failing to inspect said motor vehicles for latent and patent defects; in operating the motor vehicles in a defective condition; and the Defendants were otherwise careless, negligent and reckless under the circumstances then and there existing.

44. That by reason of the foregoing, this Plaintiff JANICE BURCH sustained a serious injury, as defined in Insurance Law Section 5102(d), and has sustained economic loss greater than basic economic loss as defined in Insurance Law Section 5102(d).

45. This action falls within one or more of the exceptions set forth in CPLR §1602.

46. By reason of the foregoing, the Plaintiff JANICE BURCH sustained severe injuries and damages, including but not limited to multiple tears in the bilateral knees, multiple tears in the bilateral shoulders, necessitating surgery, and multiple herniations and bulges in the cervical spine and lumbar spine and was rendered sick, sore, lame and disabled, sustained severe pain and mental anguish, great physical and emotional upset all of which injuries are permanent in both nature and duration, and has and will continue to suffer pain and suffering, both physical and emotional, and

has incurred, and will continue to incur medical expenses and lost earnings, all to her damage in a sum that exceeds $75,000.00.

47. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff JANICE BURCH demands trial by jury in this action of all issues so triable.

WHEREFORE Plaintiff, JANICE BURCH, respectfully requests that the Court grant relief as follows:

Awarding damages to Plaintiff, JANICE BURCH

    I. for past and future medical expenses, personal injuries and pain and suffering in the total amount of Five Million Dollars ($5,000,000),

    II. the costs of this action and for

    III. Such other and further relief as the Court may deem just and proper under the circumstances.

Dated: New York, New York
        June 4, 2022

        Yours, etc.,

        HAICKEN LAW PLLC

        *Matthew Haicken, Esq.*

        _____
        BY: MATTHEW HAICKEN, ESQ. (MH2990)
        Attorney for Plaintiff
        JANICE BURCH
        11 Broadway, Suite 615
        New York, New York 10004
        (212) 529-8326